No. 30,863.

In re the Estate of Parilee Simmons, Deceased. CHARLES D. SIMMONS, *Appellant,* v. PAUL W. SCHMIDT, Administrator, etc., et al., *Appellees.*

(18 P. 2d 117.)

Opinion filed January 28, 1933.

*George McGill, H. C. Castor, V. J. Rogers* and *John W. Adams,* all of Wichita, for the appellant.

*Jean Madalene,* of Wichita, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an application in probate court by an executor for compensation for himself and for his attorney. The application was denied in probate court, appealed to district court and denied. Applicant has appealed.

The application alleged that applicant was executor of his mother's estate; that the estate consisted largely of rental properties, which were hard to keep rented; that some of the land was located in counties other than Sedgwick and required much time and trouble. It also alleged various matters which required the services of an attorney. The application alleged that after the rendition of judgments in certain cases filed in the district court of Sedgwick county applicant claimed compensation at the rate of $300 a month for sixteen months, or $4,800. He also asked for $1,500 as a fee for his attorney. His application was denied in the probate court. It was then appealed to the district court and denied. It is from the order denying his prayer for compensation that this appeal is taken.

At the hearing in the district court it appeared that appellant had been allowed compensation by the probate court as executor for the first twelve months he served at the rate of $300 a month, and that he continued to act as executor for sixteen months longer, for which he claimed compensation in this case. The evidence showed that

during this sixteen months appellant appropriated money that he had collected as rents from property in the amount of $5,566.72.

In June, 1930, in an action filed in the district court by one of the heirs the court found that the title to the real estate vested not in the executor, but in the heirs as cotenants. About a month after this, or about nine months after the first allowance to appellant, a devisee under the will caused a citation to issue from the probate court to appellant to show cause why he should not file his final account and close the estate. The hearing on this citation was continued several times, and until December 24, 1930, or about six months after it was filed, when the probate court found that he had not complied with court orders and that the estate was not being administered for the advantage of the real parties in interest and ordered his removal as executor.

This order was appealed to the district court. The district court adopted the findings and judgment of the probate court. The judgment was appealed to this court, but later dismissed.

On the hearing in the district court of the appeal from probate court appellant admitted that he did not have the money he charged himself with in his final report.

In *Dryfoos v. Cullinan*, 17 Kan. 452, the court had under consideration the question of whether an administrator who had been guilty of waste and unfaithful administration was entitled to compensation. The court held that he was not. It was said:

"When a person is unfaithful to a trust confided in him, and compels the parties interested therein to resort to litigation to protect their rights, he forfeits his right to compensation for his services." (p. 454.)

R. S. 22-303 provides that if an executor, after notice, fails for thirty days to file a report, he shall receive no allowance.

Without encumbering this opinion with an unnecessary recital of evidence, it only needs to be said that the probate court, and later the district court, both heard the evidence and both reached the conclusion that appellant had been unfaithful to his trust. Since this is true, he was not entitled to any compensation.

The judgment of the trial court is affirmed.

THIELE, J., not participating.