No. 31,721

ANNA L. FIRMIN, as an Individual and as Guardian of EUNICE A. FIRMIN-BAKER et al., Minors, *Appellees*, v. W. B. CRAWFORD, Administrator of the Estate of John A. Firmin, Deceased, and W. B. CRAWFORD, *Appellants*.

(36 P. 2d 970)

Opinion filed November 3, 1934.

*David J. Wilson*, of Meade, *W. E. Eddy*, of Hugoton, *H. Llewelyn Jones*, of Meade, *John S. Dean, John S. Dean, Jr., Mark L. Bennett* and *J. B. McReynolds*, all of Topeka, for the appellants.

*C. T. Parker* and *J. S. Brollier*, both of Hugoton, and *W. R. Griffin*, of Dighton, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover rents.

John A. Firmin, of Stevens county, died in 1923, leaving plaintiffs, some of whom are minors, as his heirs at law. On January 1, 1924, defendant was appointed administrator of his estate. Firmin was the owner of considerable real estate, and from the time of defendant's appointment as administrator up to about the time the petition was filed in the district court defendant collected the rents arising therefrom, the petition alleging collection of fifteen specific items, totaling $2,774.92, and charging that other amounts, the exact nature of which was unknown to plaintiffs, had been collected. The prayer was for judgment for the above amount, for an accounting, and for a further judgment for such amount as the ac-

counting might reveal was true. The action was against the defendant individually and as administrator, and in both capacities he demurred generally to the petition. The demurrer was overruled, and he answered, admitting the death of Firmin, the heirship of plaintiffs, the ownership of the real estate, the collections of rents, and that such collections were made at the request of the heirs at law and under order of the probate court of Stevens county; that the rents and collections had been used partially in making payments of principal and interest due holders of mortgages on the real estate. He further alleged he had made reports to the probate court; that no demand had been made upon him; that as to rents collected prior to March 6, 1928, any action to recover was barred by the statute of limitations; that there are unsatisfied claims which were allowed by the probate court against the estate, and that he is not indebted to plaintiffs or any of them in any sum. When the case came on for trial, the action was dismissed as to defendant as administrator and proceeded against him individually, and resulted in a judgment against the defendant for $1,119.38, divided among plaintiffs in a manner not here material. Defendant filed a motion for a new trial on the ground the decision was contrary to the evidence and equity, which was denied, and he appeals, assigning as error the entry of the judgment against him, the overruling of the demurrer to his petition and the overruling of his motion for a new trial. The plaintiffs have a cross appeal urging that the court erred in holding that recovery by the plaintiffs of part of the rents was barred by the statute of limitations and in not rendering judgment for the full amount paid.

Assuming, for the moment, that appellant's motion for a new trial was sufficiently broad to raise the question of the correctness of the court's ruling on the demurrer to the petition, it appears that that demurrer was overruled on January 26, 1933, and notice of appeal was not served until November 27, 1933. That was too late; the question is no longer open to review. (See *King v. Stephens,* 113 Kan. 558, 563, 215 Pac. 311, and cases cited; *Hamill v. Hamill,* 134 Kan. 715, 717, 8 P. 2d 311.)

While appellant argues that he is entitled to certain credits for taxes, interest and mortgage payments made by him, and that plaintiffs, at least in so far as the adult plaintiffs are concerned, are estopped to deny that he collected the rents and disbursed the same, we are not able to determine from the abstract of the record

that the court, in finding the amount due, did not so hold. So far as the record before us shows, he testified to certain payments on mortgage indebtedness and interest and taxes, and a payment to the widow, and that he accounted for all these amounts in his reports as administrator. He also testified relative to the plaintiffs being aware of and having consented to his collection of rents and disposal of them, and just shortly before he closed his case, his counsel stated to the court: "As I understand it, the question we are getting at is the question of estoppel." The court answered: "Yes, that's one of the questions." Appellee's counsel then asked a similar question and received a similar answer, and the record shows no objection.

During the course of the trial, and as shown by the abstract, defendant offered in evidence his third annual settlement as administrator covering the calendar year 1926, showing that he charged himself with rents collected and took credit for taxes and interest and mortgage payments, and on January 1, 1927, had a balance of $1,396.49. He also offered his eighth annual settlement covering the calendar year 1931, showing that on January 1, 1931, he had a balance of $1,857.35, collected rents of $261.56, an insurance rebate of 16 cents and paid out for taxes, redemption moneys and interest, and expense in looking after real estate the sum of $1,154.14 and on January 1, 1932, had a balance of $963.93. Other than as here stated, the abstract shows no receipts nor disbursements, either in his capacity as administrator or in his individual capacity as agent for the heirs.

It needs little citation of authority to show that as administrator he had nothing to do with the rents from the real estate (*Lindholm v. Nelson,* 125 Kan. 223, 264 Pac. 50, and cases cited; 11 R. C. L. 123; 23 C. J. 1139), although under certain circumstances the heirs or devisees may be estopped to recover as against him where the moneys have been applied to taxes and mortgage payments with their knowledge and consent.

As the record is abstracted, we are unable to determine that he was not given full credit for taxes, interest and mortgage payments claimed to have been paid by him. So far as the record shows, defendant had on January 1, 1932, the sum of $963.93 proceeds of rents collected, and on June 7, 1933, when judgment was rendered, this amount with interest was only about $60 less than the amount of the judgment. Whether additional rents were collected or the

trial court refused to allow certain claimed credits, we are not advised from the record.

The appellees filed no counter abstract, and while on their cross appeal they present the question of the statute of limitations, there is nothing in the record before us to show that the trial court either did or did not consider part of the account barred.

Before this court may set aside the judgment of a trial court, it must affirmatively appear that there has been error which affects the substantial rights of the parties complaining. (R. S. 60-3317.) No error having been made to appear affirmatively, the judgment of the lower court is affirmed.