No. 37,455

BREWER C. JONES and JUANITA JONES, *Appellants,* v. ERNEST D. CROWELL and SYBIL CROWELL, *Appellees* and *Cross-appellants,* and THE KANSAS STATE BANK, of Wichita.

(207 P. 2d 435)

Opinion filed June 11, 1949.

*Roy L. Rogers,* of Wichita, argued the cause, and *Joe T. Rogers,* of Wichita, was with him on the briefs for the appellants.

*Lester Wilkinson,* of Wichita, argued the cause, and *Earl C. Moore,* of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This appeal is the aftermath of an action which was partially considered and determined by this court in *Jones v. Crowell,* 164 Kan. 261, 188 P. 2d 908, and involves a controversy over the purchase and sale of a doughnut shop.

The plaintiffs base their right to relief on two causes of action, one for reformation of a written contract and the other for an accounting and the recovery of money under agreements alleged to exist between the parties for the sale of such business.

The case was first tried in the court below, as permitted by G. S. 1935, 60-2904, on the first cause of action only, disposition of all issues under the second cause of action being continued. In that phase of the proceeding the trial court sustained a demurrer to plaintiffs' evidence on the premise it failed to show grounds for reformation of the written instrument to include an oral agreement alleged by the plaintiffs to have been made between the parties at

the time of its execution. On appeal we sustained that ruling and the case went back for trial on the second cause of action.

To fully comprehend the issues here involved, although dependent upon subsequent proceedings, it is, of course, necessary that readers of this opinion understand the facts, circumstances, conditions, and the proceedings responsible for and resulting in our decision on the first appeal. All such matters, together with pertinent allegations of the first cause of action and terms and conditions of the written contract, are clearly and succinctly set forth in the opinion of *Jones v. Crowell*, supra, where they can be found by reference if desired for elucidatory purposes and hence need not be repeated here. However, by way of explanation it should perhaps be here stated the general theory on which plaintiffs based their right of recovery on both their first and second causes of action is that by virtue of the terms of an oral agreement, asserted to have been made contemporaneously with the execution of the written contract of sale, defendants are required to pay any and all increased taxes, income and otherwise, assessed against plaintiff Brewer C. Jones as a result of his sale of the doughnut business without charging such payments against the agreed purchase price even though the written agreement so entered into between the parties contained no such provision or requirement.

After our decision in the first appeal the plaintiffs made no attempt to amend their petition and proceeded to trial on issues raised by its second cause of action and pleadings filed by the defendants, presently to be mentioned. The allegations of such second cause of action, omitting certain averments no longer material pertaining to the status of a bank account and moneys on deposit in the Kansas State bank of Wichita, read as follows:

"Plaintiffs for their second cause of action against the defendants state and allege:

"That they make all the material allegations to the first cause of action a part hereof;

"That the defendants, Ernest D. Crowell and Sybil Crowell, have failed, neglected and refused to pay the sums due upon the oral agreement hereinbefore alleged and due under such contract as it should be reformed:

"That the defendants, Ernest D. Crowell and Sybil Crowell, have excluded the plaintiff, Brewer C. Jones, from the supervision of such business;

. . . . . . . . . . . .

"That since the 1st day of July, 1945, the profits of the said Jones Donut Shop have been greater than the sums paid to this plaintiff, Brewer C. Jones; that the said Brewer C. Jones is entitled to interest upon the sums not paid

to him each month; that it will be necessary for an accounting to be had to determine the exact amounts which should have been paid to this plaintiff since the 1st day of July, 1945;

"That there is due and unpaid upon such contract the sum of approximately eight thousand dollars ($8,000) of which $3,330.37 should be credited upon said fifteen thousand dollars ($15,000) and the balance paid to the said Brewer C. Jones to defray his income tax pursuant to the oral agreement hereinbefore stated.

"WHEREFORE, upon their first cause of action plaintiffs pray . . ., and upon their second cause of action plaintiffs pray . . .; that the defendants, Ernest D. Crowell and Sybil Crowell, be required to account for the total net profit of such business from the 1st of July, 1945; that they have judgment against the defendants, Ernest D. Crowell and Sybil Crowell, for such sums as may be found to be due after such accounting under the terms of the oral agreement herein alleged together with interest upon any unpaid monthly payments and that they have judgment against the defendants for costs of this action and for all other proper and equitable relief to which they may be entitled."

By reference to the first cause of action the portion of the pleading just quoted must also be considered as containing averments to the effect that until shortly before the institution of this lawsuit defendants paid the taxes heretofore mentioned pursuant to and in the manner required by the alleged oral agreement.

Prior to trial defendants had filed an answer to plaintiffs' second cause of action in which they (1) alleged they had made all payments due plaintiffs by reason of the written agreement sued on and had overpaid them to the extent of $552.91; (2) denied generally all material allegations of the second cause of action; (3) specifically denied they owed plaintiffs anything under the terms of any agreement, either written or oral; (4) specially denied the allegations and averments set forth in the two paragraphs next preceding the prayer of the cause of action heretofore quoted; and (5) by reference to their answer to the first cause of action of the petition asserted the written agreement embodied all terms of the sale and denied the existence of any oral contract whatsoever. In addition they also filed a cross petition wherein they asked judgment for the amount they claimed to have overpaid the plaintiffs on the written contract.

In view of the way this case was tried and the manner in which it has been submitted for appellate review we find it far more difficult to set forth in this opinion an understandable description of the facts and proceedings on which our decision is to be based than to

arrive at the decision itself. In the interest of clarity notwithstanding what has already been stated, even at the risk of becoming tedious, further reference to what took place in the court below is necessary. As gleaned from the record the essentials of the proceedings had there can be stated thus:

With issues joined as heretofore related the plaintiffs took the position there was nothing for them to establish by proof and offered no evidence whatsoever in support of their second cause of action or on rebuttal.

The defendants then made an opening statement to which the plaintiffs demurred and moved the court to limit any recovery to the amount prayed for in the cross petition. Both demurrer and motion were overruled.

The plaintiffs then—for some reason unexplained by the record—made an opening statement in which they offered to adduce evidence in support of their first cause of action, theretofore disposed of by our decision in *Jones v. Crowell,* supra, relating to payment of income taxes under the oral agreement. Based on such decision the court sustained an objection to that testimony.

The defendants then offered evidence in support of their answer and cross petition. As a part of their case they offered the original contract of sale endorsed on which, together with other figures, was the notation $3,330.37 which defendant, Ernest D. Crowell, conceded on cross-examination was placed there in May, 1946, and at that time agreed upon by Mr. Jones and himself as the amount then due on the contract. He also admitted he had made no payments on such contract since such date and that in the balance so agreed upon no charge had been made by him against Mr. Jones for income taxes the defendants had paid in the latter's behalf. However, it is to be noted that also on cross-examination the same witness, in response to a question as to why he was now claiming the defendants did not owe the plaintiffs the balance so agreed upon and was claiming approximately $552 in his cross petition as an overpayment on the contract, stated that such balance did not give credit for three thousand some dollars paid on Mr. Jones' income taxes and did not take into account a $500 income tax estimate paid in 1946 in Mr. Jones' name.

Other testimony appears in the record, but it will not be referred to inasmuch as we do not deem it material to a determination of the rights of the parties under the issues raised on appeal.

After defendants closed their case plaintiffs demurred to their evidence and moved the court for judgment in the sum of $3,330.37, with interest, for the reason Mr. Crowell's testimony disclosed that such sum constituted an account stated as between the parties.

Plaintiffs then requested permission to amend their petition to show there was an account stated more definitely and to amend their answer to the cross petition, which we pause to point out is not in the record, accordingly. This last request was granted instanter by the trial court, over defendants' objection any such amendment would change the second cause of action from one in accounting to one for recovery on account stated and result in an entirely new and distinct cause of action, with the statement it desired to hear argument on the question of the account stated.

Subsequently plaintiffs renewed their demurrer to defendants' evidence on their cross petition and their motion for judgment. After arguments on each the court overruled the motion for judgment, sustained the demurrer to defendants' evidence on their cross petition and rendered judgment in favor of the defendants for costs. All parties to the action, except the Kansas State Bank of Wichita which is no longer involved in this controversy, have appealed from the judgment and intermediate adverse rulings.

As we approach consideration of the contentions advanced by the respective parties it must be remembered the well-established rule is that before this court will set aside the judgment of a trial court it must affirmatively appear there has been an error which affects the substantial rights of the parties. (*Firmin v. Crawford,* 140 Kan. 370, 36 P. 2d 970; *Jacobs v. Hobson,* 148 Kan. 107, 79 P. 2d 861; *Donley v. Amerada Petroleum Corp.,* 152 Kan. 518, 525, 106 P. 2d 652; West's Kansas Digest, Appeal & Error, § 901.)

In support of their position plaintiffs first contend the record establishes an account stated between the parties. We are not inclined to write a thesis on the law applicable to the subject of accounts stated. Plaintiffs failed to prove the $3,330.37 referred to in Mr. Crowell's testimony as the amount then due on the contract was ever acquiesced in by them. Indeed they assumed an entirely inconsistent attitude by bringing an action against the defendants on the contract for something like $5,000 more than that sum shortly after it was endorsed on the agreement. Under such conditions and circumstances, particularly with testimony by Mrs. Crowell, who was one of the partners in business, to the effect she

was present at the time such endorsement was made and there was a controversy regarding the amount due, the trial court had a right to reject plaintiffs' last-minute claim of account stated which was clearly an afterthought and resulted in complete abandonment of the original theory—accounting—on which the second cause of action was based.

It is next urged that account stated or not plaintiffs are nevertheless entitled to judgment for $3,330.37. Regardless of cause the only contract established by the evidence is the written contract between the parties. No one contends it makes provision for or requires the payment of income taxes. Defendants' evidence clearly establishes payments by them of such taxes for Mr. Jones amounting to at least as much as the amount plaintiffs now claim to be due under such contract. In an accounting between the parties to ascertain the amount due on the contract, which we pause to point out is the sole issue involved under the allegations of the second cause of action, the trial court did not err in concluding there was nothing due plaintiffs under the terms and conditions of that agreement.

We come now to errors assigned by defendants as requiring a reversal of the judgment. They first urge that the order permitting plaintiffs to amend their petition to state a cause of action for account stated is erroneous. This claim, in our opinion, would present a serious question had the court based its judgment upon such a theory. It did not do so. Thus it appears the amendment did not affect defendants' substantial rights or result in prejudice to them. Hence allowance of the amendment constitutes no ground for reversal of the judgment.

In conclusion it should be said there may possibly be some error in the trial court's action in sustaining the demurrer to evidence adduced in support of the cross petition as defendants contend. Be that as it may, in the face of a confusing and somewhat incomprehensive record which has made a decision of all questions raised by the parties unusually tedious and difficult, we are constrained to hold it is neither clear nor palpable and for that reason should be disregarded.

The judgment is affirmed.