No. 38,099

THE STATE OF KANSAS, on the Relation of FRANK G. SPURNEY as County Attorney of Republic County, Kansas, *Appellee* and *Cross-Appellant*, v. RURAL HIGH SCHOOL DISTRICT No. 3, REPUBLIC COUNTY, KANSAS; CHARLES W. STAFFORD, Director; E. C. STENSON, Clerk of said District, *Appellees* and *Cross-Appellants*, COMMON SCHOOL DISTRICT No. 63, REPUBLIC COUNTY, KANSAS; HAROLD R. SANKEY, Director; VERL F. BECK, Clerk; and E. A. SOMERHOLDER, Treasurer of said District; and C. E. MCCLURE, Treasurer of RURAL HIGH SCHOOL DISTRICT No. 3 of REPUBLIC COUNTY, KANSAS, *Appellants*.

(220 P. 2d 164)

Opinion filed July 8, 1950.

*John S. Dean, Jr.*, of Topeka, argued the cause, and *Melvin R. Quinlan*, of Topeka, and *Ed. Chapman*, of Belleville, were with him on the briefs for appellants and cross-appellees.

*N. J. Ward*, of Belleville, argued the cause, and *Frank G. Spurney*, of Belleville, was with him on the briefs for appellees and cross-appellants.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from a judgment in a proceeding in quo warranto brought in the district court of Republic county on the relation of the county attorney against Rural High School District No. 3; Common School District No. 63, and the individual members of the boards of both districts, to oust the school districts and their boards from proceeding to unite in the erection of a school building for the joint use of both districts, and from using the proceeds of the sale of their separate issues of bonds to pay the cost of erecting such joint school building.

The Common School District is located entirely within the boundaries of the Rural High School District, and the city of Republic is located within the boundaries of the Common School District. Belleville, the county seat, lies without the territorial limits of both districts.

During the course of events leading up to the commencement of the action a sharp dispute and differences of opinion concerning matters of policy arose among the electors of the districts as well as between and among the board members. At one point in the proceedings two members of the board of the Rural High School District were ousted from office by the county superintendent of public instruction. Their appeals from such order of ouster were consolidated with the instant case and all were tried together by the lower court, resulting in their reinstatement. No appeal to this court has been taken in the ouster proceedings and we are concerned with that phase of the case only as it affects the main issue involved.

Considerable evidence was introduced and at the conclusion of the trial the court made extensive findings of fact and conclusions of law. Rather than attempt to summarize them they will be set out in full, and the findings of fact are as follows:

"1. The Court finds that Rural High School District No. 3 of Republic County, Kansas, is a duly organized and legally existing rural high school district, having been established in the year 1944; that the defendants Charles W. Stafford, E. C. Stenson, and C. E. McClure, are the duly elected and qualified Director, Clerk and Treasurer thereof, respectively; that Common School District No. 63 of Republic County, Kansas, is a duly organized and existing common school district; the defendants Harold R. Sankey, Verl F. Beck and E. A. Somerholder are the duly elected and qualified Director, Clerk and Treasurer thereof, respectively, and has been legally in existence at all times concerned in this action.

"2. That on the 10th day of June, 1949, there was voted by said rural high school district $148,000 for the purpose of issuing the bonds of said district for acquiring a site or sites at Republic, Kansas, and the erection of a building or buildings for school purposes, and that the same were subsequently sold.

"3. That on the 10th day of June, 1949, at a special bond election said common school district voted bonds in the sum of $25,000 to pay the cost of purchasing a site or sites and erecting a building or buildings for school purposes at Republic, Kansas, and which bonds were thereafter sold.

"4. That at neither of said elections was it voted upon or in any manner decided to use the proceeds of said bonds for the purchase of a site, or for the erection of a building for the joint use of said districts.

"5. That in each case of said bond elections it was voted to fix or locate the site of the building to be constructed 'at Republic, Kansas' within said districts.

"6. That on the 19th day of November, 1949, the members of the Boards of each of said districts at the call of the County Superintendent of Republic County, Kansas, met in her office in Belleville, Kansas, which was outside the territorial confines of said districts, in an effort to compose their differences and seek to agree upon plans and conditions upon which they would submit to the electors of each of said districts a proposition for a joint building, but

as to which they did not agree, and said meeting was adjourned to meet again at the same place on November 26, 1949. All of said parties except E. C. Stenson, the Clerk of High School District No. 3, understood that such meeting would be held. He, however, testified that he did not know such meeting was to be held, and the Court finds that in fact he did not have any notice of such meeting.

"7. At the meeting on November 26, 1949, a meeting was held at the office of the County Superintendent, all members being present except said E. C. Stenson, and at which time the following agreement was entered into, to-wit:

'November 26, 1949
1:00 p. m.

'Meeting called to order by Co. Supt. with Chas. Stafford and C. E. McClure present for R. H. S. # 3 Board and H. R. Sankey, E. A. Somerholder and Verl F. Beck present on Dist. # 63 board. Supt. Sutherland present also.

'Operating expenses including lights, heat, telephone, janitor supply, janitor salary, insurance, upkeep of grounds and buildings, incidentals to be shared 50-50 by R. H. S. # 3, Republic Co., Kansas and District # 63, Republic Co., Kansas. Supt's. salary for $200.00 by # 63 per year and music teacher according to time spent in grades.

'Members agree to build a joint building and purchase of site for the use of Rural High School # 3 and School District # 63, Republic County, Kansas.

'Said R. H. S. # 3 to furnish bonds in the amount of 5% of total valuation or $148,000.00 and said School District # 63 to furnish bonds in the amount of total valuation or $25,000.00 plus the present building site, and equipment except that which is used by District # 63.

'A special Meeting to be called by R. H. S. No. 3 on December 13, 1949 at 2:00 P. M. for the purpose of authorization of a joint building and a Special Meeting to be called by District # 63 on December 14, 1949 at 2:00 P. M. for the purpose of authorization of a joint building.

'RURAL HIGH SCHOOL # 3                   SCHOOL DISTRICT # 63
Charles W. Stafford, Director            Harold R. Sankey, Director
—————————————— Clerk                     Verl F. Beck, Clerk
C. E. McClure, Treasurer                 E. A. Somerholder, Treasurer'

"8. Following such meeting the said Charles W. Stafford, Director, and C. E. McClure, Treasurer, of Rural High School District No. 3 returned to their district, but did not there hold a meeting to act upon such agreement or to take any action whatever on the proposal to call a meeting of the district to vote thereon. Instead, the said Charles W. Stafford, armed with a notice for special school meeting, the evidence not disclosing when, where or how he obtained the same, attempted to contact said E. C. Stenson, Clerk, but failed immediately to do so; however, he did later on December 1, 1949, contact said Charles W. Stafford [E. C. Stenson], and as a result thereof said E. C. Stenson signed such notice and caused the same to be posted in the usual manner and for the required time, to hold such special meeting.

"9. The meeting so to be held was for the purpose of 'authorizing high school district No. 3 to build a combined building with grade school district No. 63 for the joint use of both districts,' it being called to be held on December 13, 1949, at 2 o'clock p. m. at the Republic City Hall.

"10. Such special meeting was held at the time indicated, but at which Charles W. Stafford, Director, who presided thereat did not advise said meeting, or any of the electors of said district, so far as the evidence disclosed, the details

of said agreement set forth in paragraph 7 hereof, simply advising that it was to be voted upon whether the district should join with common school district No. 63 in the construction of a joint building, or one to be used by both such districts for school purposes. He refused to so advise said electors present, even though he was orally requested to do so by C. E. McClure, Treasurer of said district.

"11. As a result of said special meeting a majority of those present voted in favor of the proposal as submitted as set forth in paragraph 9 hereof, the vote being 223 for the proposal and 199 against the same.

"12. Common school district did call a special meeting to be held on December 14, 1949, such being done at a special meeting of the board thereof, and in regular order notices were posted and said meeting held, at which a majority of the electors present voted in favor of building a joint or combined building for the use of both of said districts.

"13. Following the special meetings so held, and the action of the electors on the proposal to build a joint building, the Boards of the two districts held a meeting at which a site was selected, and upon the proposal to appoint appraisers to value the site so selected, at the objection of Charles W. Stafford to further proceed until this action about to be commenced was determined, no further action was taken with reference to such site, or other matters connected with the building.

"14. There had been filed at a date prior to the above proceedings, meaning at some date prior to November 26, 1949, the several petitions of alleged electors of High School District No. 3 to call a special meeting of the electors of the district to vote upon the question of authorizing it to unite with common school district No, 63, in the construction of a building for the joint use of both such school districts upon terms and conditions to be agreed upon by the respective boards of such school districts.

"These petitions were addressed to the Board of High School District No. 3, were not certified or verified by any one, were not accompanied by an enumeration, or other proof of the alleged fact that they contained more than a majority of such electors. The Court has not counted the names on such lists as so submitted, but it is represented that they contain 357 names. There was no evidence submitted as to the total number of electors in said high school district.

"15. There is insufficient proof as to whether the board actually acted upon said petitions, although there is an intimation that it considered said petitions as being ineffective by reason of the failure to have the same certified, and to have an enumeration submitted therewith.

"16. An enumeration had been made and used in connection with an election in the district held on June 10, 1949, but these were not referred to by anyone in connection with the petitions filed, nor was there any showing as to changes in the electorate between said June 10, 1949 and December 13, 1949.

"17. It was not shown that all electors received notice of the plans of the district as determined upon at the meeting of February 19, 1949 [November 26, 1949], and for such reason such plan was not binding upon them.

"18. It is found by the Court that said Charles W. Stafford signed the agreement in the County Superintendent's office on November 26, 1949, because of

the threat of the County Superintendent to make use of the petitions she then had in her possession seeking his ouster as Director of the High School District; that such ouster was subsequently attempted by a proceeding brought for such purpose; that as a result of such proceeding the County Superintendent issued her order ousting him from such office; and that an appeal was taken to this Court, and was tried in connection with this action, resulting in a reversal of the order made, and his reinstatement as such Director. Likewise, was a proceeding instituted for the removal of said E. C. Stenson as Clerk of said District, resulting in an order for his removal, an appeal was made to this Court, and with the result of his reinstatement as such official.

"19. It is the conclusion of this Court that Charles W. Stafford acted upon the advice and because of the threats above recited of the County Superintendent in doing the things detailed in findings 7, 8 and 9 above set forth.

"20. The evidence submitted in relation to the condition of the old school building of district No. 63, and the manner in which and the cost of repairing the same for school purposes; and the evidence submitted as to the various other matters not pertaining to the issues set forth in the foregoing findings, is all held to be immaterial and is therefore excluded from consideration."

The conclusions of law are:

"1. Because of the want of a meeting of the Board of High School District No. 3, in the territorial limits of the District, there was no legal special meeting on December 13, 1949, to vote on the proposal to build a combined building for the two districts.

"2. The petitions submitted to call such a special meeting were insufficient for such purpose, and if the meeting was predicated thereon, it was an illegal special meeting of the electors of the district.

"3. In order for the electors to have a legal special meeting, it was necessary that they be advised of the terms and conditions upon which a joint or combined building be erected, and this not having been done in any manner sufficient for the purpose, the holding of such special meeting was without legal force or effect.

"4. As a condition precedent to joining with common school district No. 63, in a plan for a combined building, it was essential that the boards agree upon a plan that would serve to separate the ownership of the building and grounds, so as to distinguish their ownership and the particular portion of the building to be owned and used by them respectively, and this not having been done, their attempted action as reflected by the agreement of November 26, 1949, was for this reason wholly ineffective.

"5. The action, such as taken, by Charles W. Stafford as Director of the high school district, being induced by threats of the County Superintendent to oust him from office, was not his free act, and hence it is held to be ineffective as to the special meeting held in pursuance thereof.

"6. It is the conclusion of the Court that in any event, a meeting based upon the free act and deed of the Board members, is a prerequisite to a valid meeting of the electors of the district upon the proposal to unite in the building of a joint building.

"7. Judgment shall be entered herein for the plaintiff, with costs."

All of the parties filed motions for a new trial on the usual statutory grounds. In addition, Common School District No. 63, the individual members of the board of such district, and one member of the board of Rural High School District No. 3, filed their motion to set aside findings of fact numbered 15, 18 and 19, and all conclusions of law rendered by the court.

The plaintiff, defendant Rural High School District No. 3 and the remaining two members of the board of such district moved for additional findings and conclusions to the effect that the proceeds of the bond issues of the districts could not be used in whole or in part for the purpose of building a joint building to be used for the joint purposes of the two districts without such being authorized by an election, and further that such proceeds could not be used to acquire a site for school purposes without an election.

All of the foregoing motions were overruled, and on April 1, 1950, a journal entry of judgment was signed by the court and filed.

Portions of the judgment and decree of the court material for our purposes are:

"It is further ordered, adjudged and decreed by the court that all defendants be ousted and restrained from proceeding in the same manner, but not otherwise, for the selection of a site for the erection of a building for the joint use of the two districts involved in this action, and that the costs of the action be taxed, one-half to each of said districts.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"Thereafter, a dispute as to the form of the decree having arisen as between counsel, and particularly as to whether the court had held that the districts had the legal right to join in the building of a building for their joint use, conditioned upon all precedent steps being taken for such purpose, the court does now hold that such right, power and authority does exist and that such may be done upon the conditions as recited in the law pertaining thereto."

Common School District No. 63, the three members of its board, and the one member of the board of Rural High School District No. 3, appealed from all adverse rulings, and the plaintiff, together with Rural High School District No. 3 and the other two members of the board of that district, cross-appealed from the ruling that defendant districts have the authority to join in the construction of a building for their joint use, from the failure of the court to hold that the proceeds of the bond issues cannot at any time be used for joint school purposes, from the failure of the court to hold that a

site had not yet been sufficiently selected, and from any and all other adverse orders and rulings. All together, the various parties allege twenty-one specifications of error, some of which from the record before us are not entirely clear, and a number of them overlap.

At the time of oral argument in this court counsel for both sides commented on the confused state of the record. Our examination and study of it bear out the accuracy of that statement. Here we have a cross fire of contentions by the state against both districts, one district against the other, and then a sharp conflict between two members of one board and the third member thereof. To say the least, it is very difficult—if not impossible—to ascertain just what are the specific contentions of the respective parties relied on for reversal of this judgment.

It is contended that a number of the court's findings of fact are not supported by or are contrary to the evidence and that the court should have made additional findings. We have carefully examined the evidence as abstracted and while there are a number of instances in which the court would have been justified in finding differently, yet we think that each of the findings so made is supported by evidence, and, such being the case, we are not at liberty to disturb them.

Taking the court's findings, then, as the factual basis of what transpired, we are next confronted with the question of the correctness of the conclusions of law and the judgment ultimately entered by the court. A presumption of validity attaches to a judgment until the contrary is shown and the burden of establishing its invalidity is of course on those alleging it. With one exception we are unable to say that the conclusions of law are erroneous, this exception being conclusion No. 4, which, if it is intended as an interpretation of chapter 353, Laws of 1949, we believe to be an overstatement. That provision, which became effective April 2, 1949, reads:

"That any common-school district located wholly or partly within the boundaries of any rural high-school district may unite with such rural high-school in the construction of a school building or school buildings for the joint use of both such districts, upon such terms and conditions as the respective boards of such districts may agree, provided, the joint building shall have been authorized by a majority vote of the electors of each of such districts voting at either an annual or special school meeting."

We think that conclusion of law No. 4 should be set aside, but such holding does not alter the situation or require a reversal of the

judgment. We are told that the proceeds of the bond issues are being held intact by the respective boards, and in our opinion the ultimate rights of both school districts are correctly set forth in the second above quoted paragraph of the court's judgment, wherein the court held that the districts possessed the legal right to join in the erection of a building for their joint use, conditioned upon all precedent steps being taken for such purpose as outlined in the statutes pertaining thereto. The effect of such holding was to advise both districts that they had the right to start over again in the matter of calling meetings so as to give the electors an opportunity to vote on the question of the construction of a building for the joint use of both districts.

This disposes of the questions raised on the cross-appeal, and with respect to other matters raised on the principal appeal we are compelled to hold that it has not been made affirmatively to appear that the judgment of the lower court is erroneous and should be reversed. Such being the case, we have no alternative than to affirm. (G. S. 1935, 60-3317; *Firmin v. Crawford,* 140 Kan. 370, 36 P. 2d 970; *Jones v. Crowell,* 167 Kan. 415, 419, 207 P. 2d 435.)

From what has been said it therefore follows that conclusion of law No. 4 is vacated and set aside. As to the principal appeal the judgment, as so modified, is affirmed, and as to the cross-appeal the judgment is affirmed.