No. 38,537

Mrs. Dorothy E. Martin and George Martin, *Appellants,* v. Clifford Brisbois, William D. Ray, Emma Jean Ray and Cleo D. Brisbois, *Appellees.*

(242 P. 2d 1061)

Opinion filed April 12, 1952.

*James R. Hoover,* of Mission, and *Albert Thomson, Lowell R. Johnson, Manvell H. Davis, Harry P. Thomson, Jr., Harold T. VanDyke,* and *Clem Fairchild,* all of Kansas City, Mo., were on the briefs for the appellants.

*John R. Keach,* of Mission, was on the briefs for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action for declaratory judgment wherein the plaintiffs seek an adjudication of their rights under the provisions of a corporate charter. Judgment was for the defendants.

We are not favored with an abstract of the pleadings. We gather, however, from reading the statements that there was a petition and a demurrer to the petition. By agreement a general denial was entered for defendants and the court postponed a decision on defendants' demurrer until after presentation of the plaintiffs' evidence. At the conclusion of that the court sustained the defendants' demurrer to it and entered judgment for defendants.

Plaintiffs state that they appealed after an unsuccessful motion for a new trial. The specifications of error are that the court erred in sustaining defendants' demurrer; in its construction of the charter and striking certain testimony from the record. We are not favored with a copy of the motion for a new trial, neither does the journal entry make any reference to the action of the court on a motion for a new trial. The notice of appeal is from the judgment and from the action of the trial court in overruling the motion for a new trial.

Actually the state of the record makes it difficult for us to understand of what the plaintiffs complain. Counsel treat the action as if the declaratory judgment statute provided for the parties to submit an abstract question of law to the court a great deal like they would write a letter to a lawyer. That is not the way we have treated the declaratory judgment statute in the past. It is G. S. 1949, 60-3127. It provides as follows:

"In cases of actual controversy, courts of record within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceedings shall be open to objection on the ground that a judgment or order merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, other instruments of writing, statutes, municipal ordinances, and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right."

In applying that statute we have held that an actual controversy must exist between the parties. We have also held that an action under the declaratory judgment act must be in some of the recognized forms. (See *Witschmer v. City of Atchison*, 154 Kan. 212, 117 P. 2d 570; also *Pugh v. City of Topeka*, 151 Kan. 327, 99 P. 2d 862.) We are unable from the record before us to state just what was the form of this action. Appellants simply say it was for declaratory judgment and that they seek an adjudication; that Mr. and Mrs. Ray had no right to sell their shares held jointly in both their names to Clifford Brisbois without first offering that stock for sale to Mr. and Mrs. Martin at the price bid by Brisbois. What the form of the action was we do not know.

Plaintiffs ask us to reverse the court's action in sustaining defendants' demurrer to their evidence. They do not, however, bring all the evidence here. The parties seem to know what the situation was so well they evidently did not think it was necessary to inform this court of what it was. Two of their specifications of error involve actions of the court in striking certain evidence from the record. They do not furnish us their motion for a new trial, however, so we are unable to say whether they raised that on the motion for a new trial. The controversy arose over the construction to be given the charter provision of a corporation and certain actions of two of the stockholders. The corporation was formed by Mr. and Mrs. Martin, Mr. and Mrs. Brisbois and Mr. and Mrs. William D. Ray. When it was formed the Martins owned 200 shares, the Rays and

Brisbois each owned a 100 shares. There is a provision in the charter of the corporation as follows:

"Existing shareholders shall have the right to purchase and acquire the stock of a selling stockholder before sale to a nonstockholder at the price bid by such nonstockholder."

This controversy arose because Mrs. Martin learned inadvertently, so this record states, that the Rays were about to sell their stock to Mr. Brisbois. They make the point that Mr. Brisbois is not a stockholder of the corporation since the stock is owned by Cliff Brisbois and Cleo D. Brisbois or survivor—hence they argue the limitation in the charter applies and the Rays could not sell their stock until they had offered it to Mrs. Martin.

From what we can learn from the record, we have concluded that the judgment must be affirmed under the rule that we will not set aside a judgment of the trial court unless it affirmatively appears there has been an error that affects substantial rights. (See *Jones v. Crowell,* 167 Kan. 415, 207 P. 2d 435.) We can discern no such error in this record.

The judgment of the lower court is affirmed.