MARGARET L. BRADY v. MARTHA A. FULLER *et al.*

No. 15,602. (96 Pac. 854.)

SYLLABUS BY THE COURT.

WRITTEN INSTRUMENTS—*Deed or Will—Reservations Construed.* An instrument in the form of a deed, duly acknowledged and recorded, which in express terms does "grant, bargain, and sell, convey and confirm" land to a grantee, and which reserves from the land conveyed a life-estate in the grantor, and, following this reservation, contains another giving the grantor power "to mortgage, encumber, sell, lease, convey or otherwise dispose of said real estate," and which, in the habendum clause, also contains a recital and condition that if "the said party of the second part shall die before the death of the said party of the first part then and in that event the estate hereby conveyed shall revert to and vest in the said party of the first part, just as if this deed had not been made," is not testamentary in character, but is a deed conveying a present title to the grantee, subject to a life-estate in the grantor; and it is further held that the reservation in the grantor of power to mortgage, encumber, sell, lease or convey the real estate refers to the control and disposition of the reserved life-estate.

Error from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed July 3, 1908. Reversed.

## STATEMENT.

THIS is a suit to set aside certain deeds executed by Sarah E. Brady in her lifetime, and also for a partition of the property among her heirs. She died in February, 1906, leaving the plaintiff, Martha A. Fuller, and her other children, named as defendants, as her only heirs. On October 15, 1901, she executed the following deed to her daughter Margaret L. Brady:

"This deed, made and entered into this 15th day of October, 1901, by and between Sarah E. Brady (a single woman), of Buchanan county, Missouri, party of the first part, and Margaret L. Brady, of Buchanan county, Missouri, party of the second part, witnesseth: That said party of the first part, for and in consideration of the sum of one dollar to her in hand paid, the receipt of which is hereby acknowledged, and in further consideration of natural love and affection which she bears toward the said party of the second part, who is her daughter, does by these presents grant, bargain and sell, convey and confirm unto the said party of the second part the following-described real estate situate in the county of Doniphan and state of Kansas, to wit, the north half of the southwest quarter of section thirty-four (34), in township three (3), of range twenty-one (21), the said party of the first part reserving, however, to herself an estate for and during her natural life in and to the premises hereby conveyed, and further reserving to herself the power to mortgage, encumber, sell, lease, convey or otherwise dispose of said real estate at any time, upon such terms and conditions and for such sums as to her, the said party of the first part, may seem meet and proper. To have and to hold the premises aforesaid with all and singular the rights, privileges and appurtenances and immunities thereto belonging or in any wise appertaining unto the said party of the second part, upon the express conditions, however, that in the event the said party of the second part shall die before the death of the said party of the first part, then, and in that event, the estate hereby conveyed shall revert to and vest in the said

party of the first part just as if this deed had not been made. In witness whereof the said party of the first part has hereunto set her hand the day and year last above written.　　　　　　　SARAH E. BRADY."

This instrument was duly acknowledged and recorded. On July 8, 1903, she executed another deed purporting to convey the same land to Margaret L. Brady, Henry L. Brady, and Jessie O. Brady. This instrument was substantially like the first one, except the clause reserving a life-estate in the grantor and the other clause providing that the estate conveyed should revert to the grantor in case the grantee died before she did were omitted. On May 31, 1905, she executed a third deed to the land to Margaret L. Brady and Jessie O. Brady containing the same provisions found in the second deed. The second and third deeds both contained clauses like that in the first in which the grantor undertook to reserve the right to mortgage, lease, sell or convey the land. After the death of Sarah E. Brady, Martha A. Fuller brought this suit, wherein she alleged, among other things, that the deeds were made when the grantor was mentally weak and incapable to contract or convey, and when she was under the influence of the grantees. In the answer of Margaret L. Brady the claims of incapacity and improper influence were denied, and it was alleged that the deed was made when her mother was of sound mind and when she was uninfluenced by any one to make the deed. Jessie O. Brady set up a claim for a half interest under the third deed. Mary A. Williams claimed a one-fifth interest, and Henry L. Brady, as well as plaintiff, alleged that the deeds were void, and both filed motions for judgment on the pleadings. These motions the court allowed, holding that the deeds on their faces were testamentary in character and therefore void. A judgment setting aside and canceling the deeds was rendered, and of these rulings and judgment Margaret L. Brady complains.

*S. M. Brewster,* and *G. L. Zwick,* for plaintiff in error.

*S. L. Ryan, C. W. Ryan,* and *Arthur C. Bell,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The disposition of this case depends mainly upon the construction of the first instrument, which in terms grants and conveys the land to Margaret L. Brady. The character and validity of the instrument were determined by its recitals, as the trial court, without inquiry as to the competency of the grantor to convey or whether the conveyance had been procured by undue influence, held that the deed was void on its face. This ruling was based on the view that the instrument was testamentary in character, and that, as it had not been executed in conformity with the law relating to wills, it was invalid. If under a fair construction of its terms the instrument can be upheld and the intention of the parties carried out it should be so construed. There is little, if anything, in its language to indicate a purpose to make a will or that it should not take effect until the death of Sarah E. Brady. On the contrary it is in the form and possesses the essential characteristics of a deed conveying a present interest. In the granting portion of the instrument the grantor used the ordinary language of a deed, reciting that she grants, bargains, sells and conveys the property to her daughter. The clause reserving a life-estate proceeds on the theory that there is a present grant, as she recites that the estate reserved is "in and to the premises hereby conveyed." The reversion clause indicates the same purpose where it provides that in a certain contingency "the estate hereby conveyed" shall revert to the grantor. The instrument is acknowledged as a deed, and the recording and delivery of the same manifests an intention to convey a present interest. All these things evince a purpose to

make the deed effective at once instead of at the death of the grantor.

It is contended that the reservations give the instrument a testamentary character. After expressly granting and conveying the premises the grantor reserves an estate in the land during her natural life. It is to be observed that she does not undertake to reserve all that is granted, but only an estate for life in the land conveyed. The reservation of an estate for life is not inconsistent with the conveyance of a present interest and does not render the instrument testamentary. (*Love v. Blauw*, 61 Kan. 496, 59 Pac. 1059, 48 L. R. A. 257, 78 Am. St. Rep. 334; *Powers v. Scharling*, 64 Kan. 339, 67 Pac. 820; *Durand v. Higgins*, 67 Kan. 110, 72 ⁓ac. 567; *Pentico v. Hays*, 75 Kan. 76, 88 Pac. 738, L. R. A., n. s., 224; *Nolan v. Otney*, 75 Kan. 311, 89 Pac. 690, 9 L. R. A., n. s., 317.)

In *Durand v. Higgins, supra,* the instrument involved was in the form of a deed, but the grantor took back an agreement that the grantees would not convey the land during the lifetime of the grantor without his consent; that the land should be his so long as he lived; that he should have the right to convey it the same as if no deed had been given; and, further, that the grantees should reconvey to him upon his request. The deed and agreement were treated as a single transaction, and construed to be an irrevocable conveyance to the grantees, encumbered with a life-estate in the grantor. In *Nolan v. Otney, supra,* the instrument was in form a warranty deed, except for a provision that it should not take effect until the death of the grantor. The instrument was placed in the hands of a third person, to be delivered to the grantee when the grantor died, and it was construed to be a conveyance passing title immediately to the grantee, but postponing the possession and enjoyment of the property until the death of the grantor.

It is said that the clause following the one excepting

a life-estate and reserving to the grantor the power "to mortgage, encumber, sell, lease, convey or otherwise dispose of said real estate at any time upon such terms and conditions and for such sums as to her, the said party of the first part, may seem meet and proper" is inconsistent with a grant *in præsenti,* and indicates that the instrument is testamentary in character. This clause, as we have seen, follows others which clearly import a present grant—the vesting of a present interest. If it should be interpreted as a reservation of the power to convey it would necessarily fail because of repugnance to the preceding grant. If, after conveying the property, the grantor undertook to keep a string upon the land and retain the power to mortgage, control and convey it, we would, as was said in *Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567, "be bound to disregard that clause and hold that it did not serve to defeat the conveyance of the fee." (Page 125.) However, under a fair interpretation of the clause it may be given effect and made to accord with the preceding clause importing the conveyance of a present interest. It will be noticed that the claim follows directly after the reservation of a life-estate in the property conveyed, and it is not unreasonable to infer that in the second reservation the grantor referred to the control and disposition of the life-estate. The reservation, it is true, was not necessary to her right to mortgage, lease and convey the life-estate excepted from the conveyance, but she may have feared that the language employed to convey a life-estate meant a mere occupancy only, and so, to put her rights beyond doubt, she made an express reservation of the power to lease, encumber, sell or otherwise dispose of her reserved interest. It is more reasonable to infer that she was providing for something which could be done, and was reserving a right she could exercise, rather than one which was beyond her power, and which, if made, must be treated as a nullity.

In the clause near the end of the instrument where it is provided that the estate conveyed shall revert to the grantor in case the grantee shall die before the grantor she appears to have proceeded on the theory that she could vest the title of the property in the grantee and take it back again at will or upon a certain contingency. Evidently it was her notion that she could convey the land to her daughter and retake it if she should thereafter change her mind about its disposition or in the event that she should outlive the grantee, but under the authorities cited it is clear that she could not take back that which had been expressly granted. This clause does not furnish much support to the theory that the instrument was testamentary in character. As will be seen, the provision is not that the gift or transfer shall take effect at the death of the grantor, but that the interest conveyed is to be revested in the grantor on the death of the grantee, if such should occur before the death of the grantor. Instead of a posthumous effect, the language indicates a purpose that the instrument should take effect at once, and that it should operate as a deed.

Much reliance is placed on *Reed, Ex'r, v. Hazleton,* 37 Kan. 321, 15 Pac. 177, and *Hazleton v. Reed,* 46 Kan. 73, 26 Pac. 450, 26 Am. St. Rep. 86. The instrument involved in those cases did not use such terms as "give, grant, bargain, sell or convey," or any other words of like signification indicating an intention to convey a present estate. It only provided for the passing of an interest or title upon the death of the owner. In *Reed, Ex'r, v. Hazleton,* the rule applied here was correctly stated, it being said:

"If an instrument of writing passes a present interest in real estate, although the right to its possession and enjoyment may not accrue until some future time, it is a deed or contract; but if the instrument does not pass an interest or right until the death of the maker, it is a will, or testamentary paper." (Page 325.)

Attention is called to the fact that other deeds were

subsequently made by the grantor, and that these acts repelled the idea of an intention to convey in the first instance. The question for decision is what the intention of the grantor was when the first deed was executed and delivered, and not her state of mind two or four years after that time. If, by the first instrument, it appears that she intended to convey a present interest to the grantee, the deed can not be revoked or impaired by the execution of other deeds at a later time, and hence the later instruments, executed as they were, can throw but little light on her purpose in 1901, when the first conveyance was made.

We conclude that the deed executed in October, 1901, to Margaret L. Brady operated as a conveyance and not as a will, and hence the judgment of the district court is reversed and the cause remanded, with instructions to proceed with the case in accordance with the views expressed herein.