No. 37,767

GEORGE JONES and GENTRY JONES, *Appellants,* v. CHARLES M. WALKER, *Appellee.*

(216 P. 2d 822)

Opinion filed April 8, 1950.

*C. E. Pyle,* of Parsons, was on the briefs for the appellant.

*C. J. Taylor* and *L. E. Goodrich,* both of Parsons, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a proceedings started in probate court to determine the heirship to a town lot. Judgment in the probate court and on appeal in the district court was in favor of the holder of the record title. The parties who started the proceedings have appealed.

There is not much dispute about the ultimate facts. There is confusion, however, about the names of various parties, so in the interest of clarity they will be designated by letters. Prior to February 28, 1907, A and B, husband and wife, were tenants in common of the house and lot in question. On that date A, the husband, died, leaving his widow, B, and two daughters, C and D. At the death of A, B inherited an undivided two-eighths of the title from A, which with the four-eighths she already owned, made her the owner of six-eighths. The two daughters each inherited an undivided one-eighth. On December 14, 1910, B conveyed her interest to C and D, her daughters, reserving to herself a life estate. This deed was recorded immediately. By this deed daughters, C and D, received a remainder interest in an undivided six-eighths of the lot and they each already owned an undivided one-eighth. On December 15, 1916, daughter C died intestate. Her estate was administered and by

order of the probate court this interest in the lot was conveyed to her sister D. By this conveyance D became the owner of the entire six-eighths of the remainder interest, subject to B's life estate and the owner in fee simple of an undivided two-eighths.

On May 10, 1936, B died intestate. If there was nothing wrong with the two conveyances already spoken of at B's death, thereby ending her life estate, D thereafter was seized with fee simple title to the entire lot.

On September 5, 1940, D died intestate, leaving as her sole heir E, her husband. On February 5, 1942, E died intestate, leaving as his only heir his brother F.

G and H are the sons of C. They instituted these proceedings against F, claiming they inherited each a one-fourth interest in the house and lot by the statute of descents and distribution from their grandmother B. In order to make this claim good they must get rid of the deed from B to C and D, and also the administrator's deed in their mother's estate, whereby her interest was conveyed to D.

The trial court found the facts about as they have been stated here and made conclusions of law that F was the owner of the fee simple title. G and H attacked these findings and conclusions by motions to set aside and vacate and offered suggested findings and conclusions and asked for a new trial. These motions were all overruled and judgment was entered in accordance with the findings and conclusions in favor of F—hence this appeal.

Appellants first point out the trial court at the conclusion of the evidence and arguments announced it found generally for the respondent and against the petitioners and made the findings of fact and conclusions of law at a subsequent time. They argue this was error, which entitled them to a new trial. The petitioners were entitled to findings in writing since they requested them. (See G. S. 1935, 60-2921.) The statute does not provide, however, that these findings must be made before the court's judgment is announced. Furthermore, it does not appear that the petitioners were prejudiced by the fact the findings were made after the judgment was announced. As a matter of fact but for the legal conclusions to be drawn there was no dispute about the facts.

Appellants next point out the clause in the deed of December 14, 1910, as follows:

"Lot Ten (10) in Block Fourteen (14) in the City of Parsons, as shown by the recorded plat thereof, reserving to grantor, Harriet Hamlet a life estate in

said real estate, and right to occupy same during all of her natural life whether married or sinlge, title not to vest in grantees in fee simple until the death of the grantor."

They argue that the above provision in the deed made it testamentary in character and since it was executed as a deed and not according to the statute relating to wills, it was without effect to pass title. They cite and in the main rely on what we held in *Lowry v. Lowry*, 160 Kan. 11, 159 P. 2d 411. That opinion is not in point here. The deed in that case provided it was not to be delivered until the death of the grantor. There was a question whether it had been delivered in the lifetime of the grantor. Such is not the case here. The deed was delivered at once and recorded immediately. It did not purport to convey any more than a remainder interest.

When the grantor reserved a life estate to herself she thereby provided that title in fee simple would not pass until her death. The grantees did not claim anything more than a remainder interest until the death of the grantor. This deed was nothing more than a deed reserving a life estate to the grantor, a type of instrument with which we are all familiar.

Appellants next argue that when B gave the deed to C and D, her daughters, she thereby claimed fee title to the lot and ousted C and D from any title whatever. It is a little difficult to follow petitioners in this argument. Suffice it to say that since we have held the deed to be good, it conveyed to C and D a remainder interest in whatever title B had. She could not very well oust them from a title by the same instrument in which she was conveying to them all her title.

Appellants next argue that the administrator's deed in the estate of C, whereby C's interest was conveyed to D, passed no title because such proceedings were void *ab initio* because C had no estate to administer. It is difficult to follow this argument. C inherited a one-eighth interest in the property from A, her father, and took a one-half interest in the six-eighths remainder interest by the deed from B, her mother. The files in the probate proceedings involving her estate were introduced and considered by the court apparently without objection. No objection to the administration of her estate appears to have been raised. It does appear the probate court found it was necessary to sell the interest in real property to pay debts and that there was an order of sale, a sale and the sale confirmed.

The judgment of the trial court is affirmed.