No. 37,857

EARL YORDY and VELMA YORDY LINDQUIST, *Appellees*, v. DWIGHT A. YORDY and IRMA YORDY, *Appellants*.

(217 P. 2d 912)

Opinion filed May 6, 1950.

*George D. Miner* and *Paul L. Aylward,* both of Ellsworth, were on the briefs for the appellants.

*Jerry E. Driscoll,* of Russell, argued the cause, and *John J. McCurdy,* of Lincoln, and *Richard M. Driscoll,* of Russell, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to construe a deed to plaintiffs covering a described forty acre tract of land in Ellsworth county, to have one clause of the deed held to be invalid; to set aside a later deed by the same grantor to defendants; for possession of the property, and for a decree quieting title. The case was tried by the court, the facts were stipulated in writing, and judgment was rendered for plaintiffs. Defendants have appealed.

The record discloses that under date of November 7, 1939, James A. Yordy, a single man, executed a general warranty deed to the plaintiffs herein (his nephew and niece) in which he reserved the use, rents and benefits from the land during the term of his natural life. The deed also contained the following:

"Said party of the first part also reserves absolute power with full right to revoke this deed of conveyance at any time during his natural life time.—"

The consideration named in the deed was one dollar, love and affection. On the same day, November 7, 1939, the grantor of the deed took it to the office of the register of deeds of Ellsworth county

and filed it for record, and it was duly recorded, and he paid the recording fee. The register of deeds duly entered the deed of record in Book 40, at page 372, of the records of his office, and thereafter delivered the deed to one J. L. Yordy, who in turn delivered the same to the grantor, who continued to receive the income from the property until his death, November 6, 1945. Soon thereafter the deed came into the actual possession of plaintiffs.

Under date of July 19, 1943, James A. Yordy, a single man, executed a general warranty deed to Dwight A. Yordy and Irma, his wife, for the same forty acre tract of real property and other real estate. This deed contained the following:

"Said party of the first part reserves the use, rents, and benefits from said lands during the term of his natural life, and has heretofore revoked conditional instrument dated November 7, 1939, which issued to Earl and Velma Yordy,—with all the appurtenances,—and all the estate, title and interest of the said party of the first part therein.—"

This deed was filed for record in the office of the register of deeds of Ellsworth county on December 11, 1943, and recorded in Book 41 of Deeds at page 430.

The principal questions raised by the pleadings and the stipulated facts were whether the deed of November 7, 1939, to plaintiffs was duly delivered; whether the clause therein by which the grantor attempted to reserve the power to revoke the deed at any time during his lifetime is valid, and if valid whether the deed from the same grantor of July 19, 1943, to the defendants herein had the effect of revoking the earlier deed of November 7, 1939. The trial court found all issues in favor of the plaintiffs and rendered judgment for them as prayed for in their petition.

Counsel for appellants submit the following questions of law for our determination: (1) Was there an effective delivery of the deed dated November 7, 1939; (2) is the clause in the deed of November 7, 1939, by which the grantor reserved the power and right to revoke the deed valid; and (3), if so, is the clause in the deed of July 19, 1943, an effective exercise of such power and right?

Respecting the first question counsel for appellants and for appellees have cited a large number of our cases and other authorities upon the question of what constitutes a valid delivery of a deed or other important instrument, and dealing with a large variety of circumstances. From the authorities cited counsel adduce the following rules: Whether there was a valid delivery of the instrument

is primarily a question of fact to be determined by the trier of the facts. When the grantor executes and acknowledges a deed in the nature of a gift the grantee is presumed to have accepted the gift even though he did not know about it, since it was one for his benefit; that while these matters are presumptions and may be overcome by proof, the burden of proof is upon the party who contends there was no effective delivery. The trial court did not find that the defendants presented evidence to overcome those presumptions. It is not argued by counsel for appellants that since the facts are all stipulated in writing this court should exercise its independent judgment upon the question. But if we were required to do so we would see no just reason to reach a different conclusion from that of the trial court.

More than that, the grantor reserved the use, rents and profits from the land during his lifetime. He could have had those benefits without making a deed; so he must have intended that the title of the real property pass to the grantees subject to his reservation of the use and benefits of the property during his lifetime. The result of these conclusions is that the grantor intended not only to deliver the deed but to pass title to the grantees, subject to his life use.

The next question presented is the validity of the clause in the deed by which the grantor attempted also to reserve the power and right to revoke the deed at any time during his lifetime. There is authority to the effect that this clause is repugnant to the grant and is therefore void. (*Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567; *Brady v. Fuller,* 78 Kan. 448, 454, 455, 96 Pac. 854; *Newell v. McMillan,* 139 Kan. 94, 101, 30 P. 2d 126.) Passing that for the moment, the clause in the deed is unusual, to say the least. Perhaps the only way it could be revoked would be by a suit in equity to enforce the provision and to set the deed aside if the grantees would not voluntarily reconvey to him. This was not done.

The clause in the deed of July 19, 1943, recites that the grantor "has heretofore revoked conditional instrument dated November 7, 1939." The statement is, of course, inaccurate. He had not in fact done so. The clause is not open to the interpretation that he intended to revoke it by the instrument of July 19, 1943. Even if that construction were given it we think it would be ineffective for the reason that the grantees in the deed of November 7, 1939, had title to the property subject to the grantor's life use, which title was vested in them. Vested rights in real property may not be taken

away by a simple declaration and without the owners of such vested rights having an opportunity to be heard.

The result is that the judgment of the trial court must be affirmed. It is so ordered.