No. 38,410

CARL H. THOM, *Appellant,* v. OTTO HENRY THOM and RUTH THOM, *Appellees.*

(237 P. 2d 250)

Opinion filed November 10, 1951.

*Harry K. Allen,* of Topeka, argued the cause, and *Thomas L. McGuire,* of Medicine Lodge, and *Robert L. NeSmith* and *Harold Irwin,* both of Wichita, were with him on the briefs for the appellant.

*George Barrett,* of Pratt, argued the cause, and *Richard Barrett,* of Pratt, and *Ralph C. Hall,* of Medicine Lodge, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an action to quiet title to real estate. Judgment was for the defendants and the plaintiff appeals.

Plaintiff, Carl H. Thom, commenced this action against his brother, Otto Henry Thom, and Ruth, his wife, by the filing of a petition, in the district court of Barber county, wherein he claimed to be the owner of an eighty acre tract of land located in that county under and by virtue of a warranty deed from his mother, Mary Thom, dated April 25, 1950.

Ruth Thom was made a party to the action and is involved in this appeal solely because of marital relationship. For that reason no further reference will be made to her in this opinion and the contesting brothers, in the interest of brevity, will be referred to as plaintiff and defendant.

Otto Henry Thom responded to plaintiff's petition by an answer denying the latter's right to any relief and a cross-petition in which he alleged that under and by virtue of a warranty deed made, executed, and delivered by his mother, Mary Thom, on the 25th day of February, 1941, he was the owner of the real estate in question, subject only to a life estate in the mother, and asked that he have judgment quieting his title therein.

Other than as heretofore stated nothing is to be gained by detailing the contents of the pleadings filed by the parties or, for the moment, reference to any specific allegations thereof. It suffices to say that after joinder of issues the all important questions presented in the court below were whether the instrument on which defendant based his title (1) was delivered by the grantor and (2) conveyed a present interest in the real estate therein described or was testamentary in character.

At the conclusion of a trial the district court decided both questions against plaintiff and rendered judgment quieting defendant's title to the real estate except as to the life estate which it held had been acquired by plaintiff from Mrs. Thom under the deed executed by her on April 25, 1950. Thereupon, plaintiff perfected this ap-

peal where he now contends the trial court erred in holding there had been a delivery of defendant's deed and that such instrument was not testamentary in character but passed a present interest in the real estate therein described.

Touching plaintiff's first claim of error it can be said the defendant's deed, which was admitted in evidence, shows it was filed for record on the 25th day of February, 1941, and thereafter recorded in book 55 of deeds at page 102 in the office of the Register of Deeds of Barber county. Standing alone that fact in and of itself created a presumption of delivery which could only be overcome by competent evidence (*Staats v. Staats,* 148 Kan. 808, 82 P. 2d 842). The trial court found evidence introduced by the plaintiff was not sufficient to overcome the presumption and further found that other evidence disclosed it was the grantor's intention to deliver the instrument. We have examined the record and find ample evidence to sustain those conclusions. Therefore they must be upheld. The rule that factual findings of such character will not be disturbed on appellate review if the record discloses substantial competent evidence to sustain them is well established (See *Goodell v. Olin,* 170 Kan. 393, 227 P. 2d 126; *Bradbury v. Wise,* 167 Kan. 737, 208 P. 2d 209, and cases there cited).

In view of the issues involved the facts of this case are relatively unimportant and for that reason have not been labored. However, in approaching consideration of the second claim of error relied on as a ground for reversal of the judgment it should perhaps be stated the plaintiff inferentially concedes, if in fact he does not expressly admit, that if the conveyance relied on by defendant is to be construed as a deed and not testamentary in character then he is not entitled to the relief claimed in his petition and defendant is the owner of the fee title to the involved real estate subject only to rights reserved by the grantor in that instrument during her lifetime. Thus, since we have said that in the construction of deeds the intention of the grantor as gathered from an examination of the instrument in its entirety is controlling (See *Epperson v. Bennett,* 161 Kan. 298, 167 P. 2d 606, *Bennett v. Humphreys,* 159 Kan. 416, 155 P. 2d 431 and *Howe v. Howe,* 94 Kan. 67, 145 Pac. 873), it clearly appears our primary concern is with the contents of the instrument in question and our duty is to examine them for the purpose of ascertaining whether the trial court was correct in concluding they disclose an intent on the part of the grantor to pass a present interest in the lands therein described.

The deed on which the claim of error now under consideration must stand or fall, omitting the legal description of the land conveyed and italicizing words which were inserted and are not part of the printed form, reads:

"THIS INDENTURE, made this 25th day of February, A. D., 1941, between Mary Thom, a single woman of Barber County, in the State of Kansas, of the first part, and Otto Henry Thom of Barber County, in the State of Kansas, of the second part:

"WITNESSETH: That said party of the first part, in consideration of the sum of One Dollar and love and affection . . . and No/100 Dollars, the receipt whereof is hereby acknowledged, does by these presents, GRANT, BARGAIN, SELL AND CONVEY, unto said party of the second part, his heirs and assigns, all the following described real estate, situated in the County of Barber and State of Kansas, to-wit:

[description]

*"Grantor also retains the right to mortgage the above described land if necessary, so long as she shall live. The grantor herein retains all rights to the above described land until her death, after which, this deed conveys the fee title to the above named Otto Henry Thom, also the right to lease said land for oil and gas purposes, is hereby reserved by the grantor herein.*

"To HAVE AND TO HOLD THE SAME, Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, forever.

"And said Mary Thom for herself, her heirs, executors or administrators, does hereby covenant, promise and agree, to and with said party of the second part, that at the delivery of these presents she is lawfully seized, in her own right, of an absolute and indefeasible estate of inheritance, in fee simple, of and in all and *singular* the above-granted and described premises, with the appurtenances; that the same is (are) free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances, of what nature or kind soever; and that she will WARRANT AND FOREVER DEFEND the same unto said party of the second part, his heirs and assigns, against said party of the first part, her heirs, and all and every person or persons whomsoever, lawfully claiming or to claim the same."

In announcing its decision the deed heretofore quoted passed a present interest in the land and in rendering judgment for the defendant as to the quiet title feature of the action the trial court in a well reasoned opinion said:

"Now that leaves, as I see it, only the remaining question as to the construction of that deed. I think that the authorities which you have cited are quite clear that if a deed conveys a present interest in land described therein, that it is then a deed and entitled to consideration as such. Whereas, if on the other hand it passes no immediate interest and is intended to take effect only at or after the death of the grantor, then it passes no immediate interest and becomes testamentary in character. That is it becomes as a will which

only takes effect at the death of the testator. So I think that must be the rule that we apply in the construction of the deed in question. Furthermore, I think that the policy or the law is to uphold a deed rather than to destroy it, or to hold it to be null and void, if it can be done consonant with the intention of the grantor, which is to be obtained from the entire instrument—from reading it from its four corners. So here what do we have? We have an instrument labeled warranty deed. It is in all respects in simple terms a warranty deed with the exception of the clause thereon immediately following the description of the land. This clause is in the granting clause or granting portion of the deed. And what does that say? Grantor retains the right to mortgage the above described land if necessary so long as she shall live. Grantor herein retains all rights to the above described land until her death, after which this deed conveys the fee title to the above named Otto Henry Thom. Also the right to lease said land for oil and gas purposes is hereby reserved by the grantor herein. Now what is the effect of that reservation made there? She first provides that she does by these presents grant, bargain, sell, and convey unto the party of the second part, his heirs, and assigns, this real estate. Standing alone that would be a perfect grant of title. But after she describes it, what does she say? She says she retains the right to mortgage the land if necessary so long as she shall live, indicating thereby that she has granted something, that she has conveyed something, but that she retains the right to mortgage if necessary. Going further, grantor herein retains all rights to the above described land until her death. This further is retaining something from what she has just previously said she was selling and conveying, but it shows an intention to retain something out of it. Now these words 'all rights' has bothered me for some little time in the construction of this deed and I can't say that this deed is beyond all question one way or the other, but it is my duty to construe it as I see it from Mrs. Thom's intention as expressed by all the words in the deed. So, she retains all rights to the above described land until her death, after which the deed conveys the fee title to the above named Otto Henry Thom. Now if you would just construe that intention in the sentence alone, I would think that you would have to say that it absolutely nullifies her previous words of grant, bargain, sell and convey. But we must construe the first clause along with the second clause and along with the third clause, or whatever else follows in the deed. So after she says that she retains all rights to the above described land, then she proceeds further to say 'also the right to lease said land for oil and gas purposes is also reserved by the grantor herein.' So I am compelled to think that she didn't mean literally that she reserved all rights and nullified her previous 'bargain, sell and convey,' but that she was only making certain reservations; else if she had already reserved all rights there was no reason for her to also reserve the right for gas and oil lease purposes.

"Then she proceeds with the habendum clause in the ordinary and customary form, and with the warranty clause warranting the land to be free and clear of all encumbrances as you find in nearly every warranty deed.

"So taking the instrument as a whole, I think that we must say that she intended to pass presently some interest in this land; that she intended that Otto Henry Thom should immediately acquire some interest in the land and that she should retain these rights of mortgage and to lease for oil and gas,

and that 'all rights' mean all rights during her lifetime. I think to construe it otherwise would be to do violence to the other parts of the deed."

Our reports contain decisions touching every phase of the subject covered by the heretofore quoted portion of the trial court's opinion. See, e. g., *In re Estate of Kruckenberg*, 171 Kan. 450, 233 P. 2d 472; *Yordy v. Yordy*, 169 Kan. 211, 217 P. 2d 912; *Jones v. Walker*, 169 Kan. 29, 216 P. 2d 822; *Newell v. McMillan*, 139 Kan. 94, 30 P. 2d 126; *Brady v. Fuller*, 78 Kan. 448, 96 Pac. 854; *Nolan v. Otney*, 75 Kan. 311, 89 Pac. 690; *Durand v. Higgins*, 67 Kan. 110, 72 Pac. 567; *Powers v. Scharling*, 64 Kan. 339, 67 Pac. 820; *Love v. Blauw*, 61 Kan. 496, 59 Pac. 1059; and other cases therein cited. To review the foregoing cases would add nothing to the body of our law for they definitely establish this court's position on the subject of when a deed which has been delivered is to be construed as passing a present title and when it is to be construed as testamentary in character. All that need be said is that after giving them careful consideration we have been unable to find anything wrong with the trial court's opinion or the reasons therein given for its decision on the point in question. Therefore, based on what is said and held in such decisions, we are constrained to concur in its view and hold there is nothing in the wording of the defendant's deed warranting a conclusion that instrument was intended to be testamentary in character and that it must be construed as a deed conveying him a present interest in the land therein described.

For all practical purposes the conclusion just announced ends this lawsuit. However, so that we cannot be charged with having overlooked it a final point will be given brief consideration. Plaintiff argues he is entitled to a new trial because the trial court erred in overruling his motion to require the defendant to elect as to whether, under allegations of his cross-petition, he was relying upon being the owner of the title to the land involved or was seeking to recover for repairs and improvements placed on the premises. The point has little merit. Under the undisputed record defendant was in peaceable possession of the real estate as an occupying claimant. As such, having been sued in an action which if successful would result in evicting him from the premises, there can be no doubt that under the clear and unequivocal provisions of G. S. 1949, 60-1901, he had the right to assert title and ownership under his deed, supplemented by a contract with his mother for possession of the premises during her lifetime, and at the same time claim compensa-

tion for the full value of all lasting and valuable improvements made on the land in the event he was unsuccessful in establishing his claim of title.

The judgment is affirmed.