No. 38,270

IVAN WHIPPLE, ARTHUR C. BROWN, FRANK A. TAYLOR, ANDREW B. CLINE, MALLOY S. HAGEMANN, R. E. AYRAULT, WM. E. MILLER, JOSEPH H. CAUDRON, EVERETT M. WATT, A. D. WING, RAY RUSSELL, JAMES C. MANN, for and in behalf of themselves and in behalf of others similarly situated, *Appellees* and *Cross-Appellants,* v. DEL A. FEHSENFELD, JOHN WILKES, JOHN DICKERSON, IRWIN FERREIRA, PAUL DICKERSON, T. W. BEACHBOARD, GENE MEEKS, JOHN PITTMAN, EARL CHAMBERS, V. A. VANCE, MRS. J. L. JENKINS, ELI EDMINSTON, MRS. JOHN DICKERSON, ZELLA MOBERLY, ELMER AMMERMAN and others similarly situated, THE INDUSTRIAL STATE BANK, a Corporation, *Appellants* and *Cross-Appellees.*

(249 P. 2d 638)

Opinion filed November 8, 1952.

*Preston P. Reynolds*, of Kansas City, argued the cause and was on the briefs for the appellants and cross-appellees.

*Buford E. Braly*, of Kansas City, argued the cause and was on the briefs for the appellees and cross-appellants.

*Thomas C. Forbes* and *Harold G. Forbes*, both of Eureka, and *Harold C. Mann* and *G. Dennis Sullivan*, both of Kansas City, Missouri, for "Baptist Liberties, Inc.", as *amici curiae*.

The opinion of the court was delivered by

PARKER, J.: This is an injunction proceeding arising from differences existing between discordant factions in a Baptist church. The plaintiffs were granted a permanent injunction and the defendants appeal.

The action was commenced by the persons named as plaintiffs in the title of this case as members of the Argentine Baptist Church, on behalf of themselves and others similarly situated, against Del A. Fehsenfeld, the then pastor of the church, and the other individuals named in such title as members thereof. The defendant, The Industrial State Bank, a corporation, was also made a defendant in the action but only for the reason it was the custodian of the church funds.

Lengthy pleadings filed by the parties are not in controversy and for that reason require no immediate attention except to say they join issue on all questions relating to the relief prayed for in the petition and are sufficiently inclusive, so far as their factual averments are concerned, to warrant and sustain the judgment and decision of the trial court, presently to be mentioned, granting the plaintiffs injunctive relief.

Prior to trial on the merits before the judge of the district court, obviously for the purpose of facilitating progress of the trial, the parties entered into a stipulation whereby it was agreed that certain facts could be and were to be admitted as evidence in the case without necessity of further proof. For purposes of appellate review many of these admissions are of little moment and can be dis-

regarded. However, two of them are of particular importance and should be noted. One of such admissions provides:

"For the purpose of jurisdiction for an injunction, it is admitted that defendant, Fehsenfeld is occupying the Church and Manse and that at this time there is in the possession of defendant Fehsenfeld, a mimeograph and a piano belonging to the Church, and a typewriter in the possession of defendant Ferreira, and that a piano now in the Church is probably the property of defendant Beachboard."

The other reads:

"The parties hereto admit that the law question involved in this action is whether or not defendants have departed from the doctrines, customs, traditions and usages of the Argentine Baptist Church, and the points in controversy between them are to be taken as bearing upon that issue."

For reasons important only because one of them is referred to in findings of fact made by the trial court, to which we shall refer later in this opinion, it should be stated at this point that in connection with the foregoing admissions and as a part of the same stipulation the parties set forth denials of certain facts which are conceded to be controversial and which would have to be established by evidence. It should also be added that Denial No. 7, mentioned in such findings, is to the effect that all allegations beginning with line 21 of paragraph 7 on page 3 of the amended petition are denied.

Following an extended trial, at which many witnesses testified at great length, the trial court made findings of fact and conclusions of law and rendered judgment in conformity therewith. Omitting preliminary statements, of no consequence to this opinion, the findings and conclusions to which we have referred read:

## "(A) FINDINGS OF FACT.

"1. There is no competent evidence that the Rev. Del A. Fehsenfeld was not a regular Baptist Minister.

"2. There is competent evidence and the Court finds that unanimous vote of a representative group of all members of the church is necessary for the Argentine Baptist Church to withdraw from the Northern Baptist Convention, the Kansas Baptist Convention, and the Missouri River Association.

"3. The Constitution provides a method of changing all or any literature, and whether or not the provisions of the Constitution have been complied with by the Argentine Baptist Church, is not clear from the evidence, and the Court makes no positive finding in this regard.

"4. The Court finds, and there is abundant competent evidence that the traditions, customs, doctrines and usages of the Argentine Baptist Church were breached and violated by the actions taken on March 22, 1950, and March 26, 1950, through the recommendations of the defendant, Del A. Fehsenfeld, and

the motions then passed in conformity therewith on March 22, 1950, and the motion of March 26, 1950, as shown by copy of the minutes of said meetings attached to the agreed statement of facts.

"5. The Court finds and there is competent evidence that the change of literature as carried out is a violation of the traditions, customs, doctrines and usages of the Argentine Baptist Church.

"6. The Court finds and there is competent evidence to the effect that the change in the Sunday School procedure as recommended by the defendant, Rev. Del A. Fehsenfeld, was a departure from the established traditions, customs, doctrines and usages of the Argentine Baptist Church.

"7. Referring to Denial No. 7 in the agreed statement of facts, the Court finds that beginning with line 21 of paragraph 7 on page 2 of the amended petition (See Appendix 'A') that the allegations therein contained have been substantiated by an overwhelming preponderance of the evidence introduced by both plaintiffs and defendants.

"8. The Court finds that the Constitution provides that a business meeting, termed the 'annual meeting' be held on the last Wednesday of April in each year; that prior to the last Wednesday in April, the Court and counsel for the respective parties agreed that the annual business meeting should be held on the following Wednesday, or May 3, 1950, and there is competent evidence that the defendants did not unite with plaintiffs in said meeting in violation of the agreement between Court and counsel; and the Court further finds that the business meeting held on May 3, 1950, was the regular annual business meeting of the Argentine Baptist Church.

"9. As heretofore stated in Finding No. 8, the vote by defendants not to have a business meeting on May 3, 1950, was a departure from and in direct violation of the agreement between Court and counsel heretofore referred to.

"10. The Court finds and there is competent evidence that the allegations of paragraph 13 (See Appendix 'B') of the amended petition are sustained by evidence introduced by both plaintiffs and defendants.

"11. The Court finds and there is competent evidence that plaintiffs have not violated the established traditions, customs, doctrines and usages of the Argentine Baptist Church.

"12. The Court finds from the evidence that the allegations contained in paragraph 6 (See Appendix 'C') of the answer are sustained by a preponderance of the evidence and that these are generally the traditions, customs, doctrines and usages of the Baptist Churches.

"13. From the evidence the Court finds that there is a considerable divergence between the Sunday School literature of the Northern Baptist Convention and that of the Southern Baptist Convention, as alleged by the plaintiffs.

"14. The Court finds that there is a conflict between the factions of the Argentine Baptist Church as to the voting eligibility of the membership of the Church in some instances.

"15. The Court finds and the evidence is overwhelming that there is an irreconcilable conflict between the plaintiffs and the defendants in this matter.

"16. This case was filed on March 28, 1950, and on numerous occasions the Court inquired as to whether there was any manner or method of settling

the differences between the parties in use among the members of Baptist Churches and the Court was continually advised that there was no way of settling their differences except by court action. However, by answer filed on June 12, and which was not directly called to the attention of the Court, it appears that the difficulties might have been' submitted to a committee or council for solution or suggestion, and the Court has attached to the agreed statement of facts, a letter dated May 24, 1950, which contains an offer of defendants to settle the differences, but in the last sentence of the first paragraph of said letter, these words are found: 'And that we enter into an agreement that such finding on these issues as may be made by the committee of six, be final and conclusive, if such findings are approved by the members of the Argentine Baptist Church now on said church roll.'

"17. The Court finds that the doctrines, customs, traditions and usages of the Argentine Baptist Church have been breached and violated by the defendants herein.

"18. The Court finds that the meeting of May 3, 1950, was the annual business meeting of the Argentine Baptist Church, and that at said time the Rev. Del A. Fehsenfeld was discharged as pastor of the Argentine Baptist Church and that thereafter, and on May 4, 1950, notice of this action was served upon said Rev. Del A. Fehsenfeld, and he is therefore, entitled to his salary to June 4, 1950.

### "(B) CONCLUSIONS OF LAW

"From the above findings, the Court concludes as a matter of law:

"That the acts of the defendants did and do constitute a violation of the traditions, customs, doctrines and usages of the Argentine Baptist Church, and the evidence clearly establishes the fact of the existence of said traditions, customs, doctrines and usages in a clear and convincing manner and are of such cogency as to satisfy the mind and generate a full belief therein; that by reason thereof the plaintiffs herein are entitled to and are this day given a perpetual injunction enjoining the defendants from in any manner occupying or possessing any of the buildings, funds or property of the Argentine Baptist Church, and enjoining them from in any manner interfering or intermeddling with any of the property, buildings, funds or business affairs of said Church. The prayer for an accounting is denied, and the restraining order heretofore issued against the Industrial State Bank and the Argentine Building & Loan Association, is hereby dissolved and released. That the Rev. Del A. Fehsenfeld is entitled to his salary up to and including June 4, 1950. Costs versus defendants."

Hereafter, although contrary to our usual practice, in the discussion of questions essential to a proper disposition of issues raised on appellate review, we shall refer to the parties as plaintiffs and defendants.

It would add nothing to our reports and of a certainty it will neither reflect credit upon nor do favor to the respective individuals of the contending discordant factions here involved to detail the voluminous evidence disclosing the sad and regrettable state of affairs

existing in the Argentine Baptist Church at the time of the filing of the petition. It suffices to say we have carefully reviewed the record and, while it must be conceded the testimony is conflicting in many particulars, find substantial competent evidence to support the factual findings made by the trial court. The result, since this court in a long unbroken line of decisions (See *Shotzman v. Ward,* 172 Kan. 272, 279, 239 p. 2d 935; and cases there cited; *Thom v. Thom,* 171 Kan. 651, 653, 237 P. 2d 250; *Goodell v. Olin,* 170 Kan. 393, 399, 227 P. 2d 126; and numerous other decisions of like import to be found in West's Kansas Digest, Appeal and Error, §§ 1010[1], 1011[1]; Hatcher's Kansas Digest, Appeal and Error, §§ 507, 508) has committed itself to the rule that findings of fact supported by substantial competent evidence are conclusive and will not be disturbed on appellate review even though the record discloses some evidence which might have warranted the trial court in making findings to the contrary, is that the findings of the trial court in the instant case must be accepted as made and cannot be disturbed.

With facts established, as heretofore indicated, we have little difficulty in concluding the trial court did not err in its conclusions of law. Indeed, in view of the second admission to which reference was made early in this opinion it would be difficult to reach a contrary conclusion. But we need not base our decision entirely upon such premise. In the oral presentation of his cause on appellate review counsel for defendants frankly, and we may add with commendable candor, admitted that in order to sustain his clients' position and hold the judgment rendered by the trial court is erroneous this court will be required to overrule its decision, and repudiate the rule announced, in *Hughes v. Grossman,* 166 Kan. 325, 201 P. 2d 670, where, among other things, we held:

"When a schism occurs in a church the all-important question is which of the rival factions adheres to the fundamentals of the original tenets, beliefs, rules and practices of the organization and as against those who have departed therefrom the civil courts when called upon will award the church property to those who continue to adhere thereto." (Syl. ¶ 4.)

In view of defendants' admission and because, from the standpoint of facts and principles involved the case just mentioned is on all fours with the one now under consideration, we have reviewed our decision in *Hughes v. Grossman,* supra, and have concluded the doctrine therein announced is sound in principle and should be adhered to. Therefore, based upon what is said and held in that decision, we are impelled to hold the trial court's judgment, which

is conceded to have been rendered in accord with its conclusions of fact and law, must be upheld.

In conclusion it should be said we have rejected, not overlooked, contentions advanced by plaintiffs in support of their cross-appeal to the effect the trial court erred in finding and adjudging that defendant, Del A. Fehsenfeld, was entitled to his salary as pastor of the church up to June 4, 1950, and that defendant, John Wilkes, was entitled to his salary as janitor of the church in the amount of $99. The record presented does not make it affirmatively appear that the judgment with respect to such matters is erroneous or should be reversed. Hence, under our decisions (*State, ex rel., v. Rural High School District No. 3*, 169 Kan. 671, 220 P. 2d 164; *Jones v. Crowell*, 167 Kan. 415, 419, 207 P. 2d 435, and cases there cited) we have no other alternative.

The judgment is affirmed.

### APPENDIX "A"

Defendant, Del A. Fehsenfeld has and does openly advocate that the pastor is, and he, in this case, is the sole and only head of the Argentine Baptist Church, and has stated and does state that he is the final judge of all questions concerning the church and has and does endeavor to suspend from membership and fellowship in said church all members who seek to question his authority, all of which beliefs and doctrines are concurred in and carried on by him and the other individual defendants named in this petition. Said defendants, and especially Del A. Fehsenfeld, are arrogant in their demeanor and actions and use insulting language to and against the other members of the church. Defendant, Del A. Fehsenfeld, and his co-defendants, oppose all secret lodges and orders and advocate that all persons belonging thereto should not be permitted to hold office or membership in the church and should be ousted therefrom. Defendant, Del A. Fehsenfeld does not counsel with and will not abide by the orders and suggestions of the Board of Deacons of said Church. He has advocated church discipline of members by him, a thing heretofore never practiced in the Argentine Baptist Church. He and his co-defendants have attempted to and have taken members into, and expelled other members, illegally, from said church. He and his co-defendants have refused to permit Santa Claus to be demonstrated in the church at Christmas time.

### APPENDIX "B"

Plaintiffs state that all of the foregoing acts and practices of the defendants, as alleged herein, are opposed to, and are in direct contravention of, and are directly contrary to the doctrines, tenets, customs, traditions, usages and practices of the Argentine Baptist Church in that none of the things alleged herein to have been done by defendants, and being done by defendants, have ever been practiced or carried on by said church or its membership, and such acts, opinions and practices, as alleged herein, are still being carried on by the defendants although constituting a departure from the doctrines, tenets, customs,

traditions and usages of said church that have existed from the time of organization of said church, and said defendants, although by said acts and practices as aforesaid, have so departed from the original customs, doctrines, tenets, traditions and usages of said church, still occupy the church property located at 27th and Metropolitan Avenue, Kansas City, Kan., and although the defendant Del A. Fehsenfeld has departed from the doctrines, customs, usages, tenets and traditions of said church, as aforesaid, and although he has been formally discharged as minister of said church, as aforesaid, the said Del A. Fehsenfeld still occupies the church property and parsonage of said church all against the will of these plaintiffs and those they represent although these plaintiffs or those they represent have adhered to, and do adhere to the doctrines, tenets, customs, traditions, and usages to the said Argentine Baptist Church which have existed and have been carried on and practiced by said church from the time of its organization. Plaintiffs further state that the individual defendants named herein are using and dissipating all of the property of the Argentine Baptist Church and all of its funds in carrying on the acts and practices herein alleged and the defendant, Del A. Fehsenfeld, as leader of the defendants, and who controls them, will continue to use all of the property and funds of said church and dissipate them to carry on said acts and practices unless he is restrained by an order of this court from so doing until the issues between the parties hereto can be heard and decided by this court. Plaintiffs further state that the Argentine Baptist Church has funds and personal property on deposit or in safety deposit boxes at the Industrial State Bank, defendant herein, and that said individual defendants will attempt to or will withdraw said funds and property from said bank, as plaintiffs believe, unless said bank is restrained from permitting the same to be so withdrawn and plaintiffs state that the said Zella Moberly, clerk of said church and the other defendants will, plaintiffs believe, alter, secrete or change the contents of said records unless pending this action, order the said Zella Moberly, as clerk, to deliver all official records and papers of said church in her possession to Richard D. Shannon, Clerk of this court, there to be impounded by said clerk until the trial of this case, and disposition thereof.

## APPENDIX "C"

Further answering, the defendants state that the following are doctrines, customs, traditions, and usages of the Argentine Baptist Church and Baptist churches generally that affect the rights involved in this lawsuit:

*a.* The New Testament is the constitution of Baptist churches and the only authoritative code of ecclesiastic law for Baptist churches.

*b.* Pastors are not to be imposed on Baptist churches nor taken from them without their consent, but are to be chosen by them, each church for itself at its own option.

*c.* Each particular local Baptist church is self governing and independent of all other churches and of all persons and bodies of men whatever as to the administration of its own affairs.

*d.* A Baptist church is not a confederation of many local congregations under one head, such as a Bishop, Pope, or Synod.

*e.* Persons received to membership in a Baptist church have equal rights and immunities with any and all other members of the church unless for cause

they are under discipline. The Baptist churches have a right to exercise a watchful supervision over their members, to reprove them when erring and withdraw fellowship from them when incorrigible.

f. A Baptist church has authority to discipline or withdraw fellowship from one proven to be unworthy, and it is the right of the members of the individual church to decide whether or not a member is unworthy.

g. There is no power that can compel a Baptist church to accept a pastor or a pastor to accept a church. The relation is formed by mutual agreement between them and when once formed the relation cannot be dissolved by external authority, civil or ecclesiastical.

h. Deacons are officers of a church. They are to act as counselors and assistants of the pastor, but have no direction over the pastor. Only the Church has direction over the pastor.

i. Each particular and individual Baptist church is actually and absolutely independent in the exercise of all its churchly rights, privileges, and prerogatives, independent of all other churches, individuals, and bodies of men whatever. The Missouri River Baptist Association, the Kansas Baptist Convention, and the Northern Baptist Convention have no authority over any Baptist church and they claim no authority over any Baptist church. Baptist churches in Kansas have a right to withdraw membership from the Missouri River Baptist Association or the Kansas Baptist Convention or the Northern Baptist Convention at any time.